**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MARCO MCILWAIN,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:17-cv-363 (MTT)** |
| | ) | |
| **DR. EDWARD BURNSIDE,** *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion to dismiss the Plaintiff's complaint. Doc. 27. The Plaintiff objects. Doc. 29. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and made a de novo determination of the portion of the Recommendation to which the Plaintiff objects.

The Defendants have also submitted a "Response to Objection" requesting that the Court "clarify that it is considering, and resolving, this issue at step two of the *Turner* analysis." Doc. 30 at 1 (referring to the two-step inquiry of *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). The Recommendation made findings of fact, under *Turner*'s second step, that of the Plaintiff's three relevant grievances, the first, number 227745, was untimely filed, and the two subsequent grievances, numbers 244265 and 245015, were never appealed. Docs. 27 at 5-7; 17-5 at 2; 17-7 at 2-4; 17-8 at 2-4. After considering the Plaintiff's objection and reviewing the Recommendation de novo, the Court accepts and adopts the findings, conclusions, and recommendations of the

Magistrate Judge.  The Recommendation (Doc. 27) is **ADOPTED**.  Accordingly, the

Defendants' motion to dismiss (Doc. 17) is **GRANTED**, and the Plaintiff's complaint

(Doc. 1) is **DISMISSED** without prejudice.[1]

      **SO ORDERED**, this 28th day of February, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The applicable two-year statute of limitations may have run.  It is therefore possible that the dismissal is, in effect, equivalent to a dismissal with prejudice.  *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *See Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).  Although mandatory, the exhaustion requirement is not jurisdictional.  *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007).  Several Circuits have held that the statute of limitations is "tolled while a prisoner completes the mandatory exhaustion process."  *See Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2005).  The Eleventh Circuit has declined to hold that equitable tolling applies, but it has stated that the statute of limitations may be tolled while a prisoner exhausts administrative remedies.  *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)) ("We proffer, but do not hold, as that issue is not before us, that . . . the doctrine of equitable tolling, as other circuits have applied that doctrine to the administrative exhaustion requirement for prison condition suits[, may apply]."); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) ("Because the statute of limitations may have been tolled on account of [the Plaintiff]'s exhaustion of administrative remedies, it does not appear beyond a doubt from the complaint itself that Leal can prove no set of facts which would avoid a statute of limitations bar." (citation omitted)).  Again, the Eleventh Circuit has not addressed the issue.  But it has suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases.  *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992).  But even if the Plaintiff is barred from refiling this claim, dismissal is appropriate.  The Plaintiff has had multiple opportunities to amend his complaint and to supplement the record regarding his administrative grievances; moreover, the Plaintiff was advised of the effect of a motion to dismiss for failure to exhaust.  *See, e.g.*, Docs. 18; 25.  The record, so supplemented, shows that the Plaintiff has failed to exhaust his administrative remedies as to these claims.  *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).