IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARCO MCILWAIN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-363 (MTT) |
| DR. EDWARD BURNSIDE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting in part and denying in part the Defendants' renewed motion to dismiss. Doc. 68. Plaintiff Marco McIlwain did not object[1], so the Court reviews for clear error the recommendation to grant in part the motion to dismiss. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. That portion of the Recommendation (Doc. 68) is **ADOPTED** and made the Order of the Court, the Defendants' motion to dismiss (Doc. 49) is **GRANTED in part**, and McIlwain's retaliation claims against Adair and Uglee and his deliberate indifference claims against

---

[1] McIlwain did file a motion for appointment of counsel, primarily to aid in discovery. Doc. 70. The only part of that document relevant to the issues raised by the Defendants' renewed motion to dismiss is McIlwain's statement that he "will need assistance with depositions, interrogatories production, and inspection of Grievance 227745." *Id*. at 2. Whatever the relevance of that evidence will be to other issues that may develop in the case, Grievance 227745 is relevant here only to the issue of whether McIlwain exhausted his deliberate indifference claims related to his stab-wounds. Because the Magistrate Judge recommended that the Court rule in McIlwain's favor on that issue, the motion for appointment of counsel does not affect the Court's analysis of the Recommendation.

Adair and Burnside arising from failure to treat the symptoms of his medication are **DISMISSED** without prejudice.

The Defendants objected to the Magistrate Judge's recommendation to deny their motion to dismiss McIlwain's deliberate indifference claims against Adair and Burnside arising from their denial of medical treatment for injuries from his stab-wounds. Doc. 69.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the recommendation to deny in part the motion to dismiss.  The parties do not dispute that in Grievance 227745, McIlwain raised the issue of Adair's and Burnside's denial of medical treatment for his stab-wounds.  In their first motion to dismiss, the Defendants claimed that grievance was untimely because it was filed September 2, 2016.  Doc. 17-1 at 8-9.  McIlwain filed a grievance receipt, purportedly for Grievance 227745, dated August 26, 2016.  The Defendants contended that receipt was a forgery.  McIlwain asked the Court to test that contention by examining tear-lines between his purported grievance receipt and the copy of the grievance the Defendants submitted.  The Magistrate Judge recommended a finding of fact, at step two of the *Turner v. Burnside* framework, that the grievance was filed September 2; the Court adopted that recommendation.  Docs. 27 at 6; 31.  A panel of the Eleventh Circuit Court of Appeals reversed after concluding that (i) the Recommendation's factual findings at step two of *Turner* were not sufficiently detailed to enable the panel to engage in "meaningful review", (ii) Grievance 227745 "alleged an ongoing failure to treat his injuries as of the day he signed the grievance," and (iii) the Court should have construed McIlwain's

argument about the tear-lines as a request for an evidentiary hearing and granted that request. *McIlwain v. Burnside*, 830 F. App'x 606, 611 (11th Cir. 2020).[2]

On remand, the Defendants filed a renewed motion to dismiss, and the Magistrate Judge held an evidentiary hearing. In his second Recommendation, the Magistrate Judge agreed with the panel that Grievance 227745 alleged an ongoing failure to treat. Doc. 68 at 12. On that basis, he concluded that factfinding was unnecessary because even if Grievance 227745 were filed on September 2, it would still be timely. The Defendants objected, arguing that "Plaintiff never contended that he was grieving anything beyond a denial of medical care on August 18 and 19, 2016." Doc. 69 at 3. They note that McIlwain himself described it as "'the grievance for the August 18, incident.'" *Id*. (quoting Doc. 1-1 at 15). But again, the panel clearly interpreted the grievance to allege "an ongoing failure to treat his injuries as of the day he signed the grievance," and the Court agrees with that interpretation.[3] *McIlwain*, 830 F. App'x. at 611. For example, McIlwain claims in the grievance that he was told a doctor would see him the "following morning," but "that was not the case and I still have yet to see any doctor regarding my pain." Doc. 61-3 at 2.

The Defendants also argue that the Magistrate Judge erred by not making a specific factual finding on the date the grievance was filed. *Id*. at 7. Certainly the evidentiary hearing was helpful, and the Magistrate Judge is fully equipped, if it becomes necessary, to make a specific finding as to the date the grievance was filed.

---

[2] The panel also found other issues with the Recommendation and the Court's order adopting it, but the second Recommendation adequately addressed those issues, and neither party objected to those portions of the second Recommendation.

[3] As the Defendants note, is not clear that McIlwain agrees with that interpretation. *See generally* Doc. 69. Still, the grievance can fairly be interpreted that way.

But in light of the grievance's allegation of an ongoing injury, it is not necessary to make such a finding to decide the Defendants' motion.[4]  For those reasons, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. That portion of the Recommendation (Doc. 68) is **ADOPTED** and made the Order of the Court, and the Defendants' motion to dismiss is **DENIED in part** as to the deliberate indifference claims arising from their denial of medical treatment for injuries stemming from McIlwain's stab-wounds.

    **SO ORDERED**, this 17th day of August, 2021.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[4] The Defendants make much of their argument that "[o]n September 2, Plaintiff could not have been complaining of a continuing failure to treat when the facts as alleged by Plaintiff show that he was seen and treated in the days leading up to September 2, 2016."  Doc. 63 at 4.  But McIlwain appears to have dated his grievance August 24, 2016, which renders pointless any speculation about what date he might or might not have drafted it.  Doc. 61-3 at 2.