IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARCO MCILWAIN, | : |
| Plaintiff, | : |
| VS. | : NO. 5:17-CV-00363-MTT-MSH |
| Dr. EDWARD BURNSIDE, *et al.*, | : |
| Defendant. | : |
| _____ | : |

**ORDER**

Presently pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 95), challenging the Court's November 4, 2022 Order and Judgment adopting the recommendation of the United States Magistrate Judge to grant Defendants' motion for summary judgment and to deny Plaintiff's motion for summary judgment (ECF Nos. 90, 91).

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff's appeal in this case is not taken in good faith because he does not seek review of a non-frivolous issue. As best as the Court can tell, Plaintiff's issues on appeal are that the Court erred by failing to (1) require Defendants to answer Plaintiff's discovery requests; (2) appoint counsel to assist Plaintiff; and (3) acknowledge that Defendants "made it impossible" for Plaintiff to pursue his case by stripping him of his belongings, denying him access to the law library, and refusing to reply to Plaintiff's requests to the business office. Mot. Proceed IFP 1, ECF No. 95. The Court has reviewed the record and finds that these issues lack any arguable merit. Most strikingly, while Plaintiff now contends he did not have adequate discovery to prosecute his claims, Plaintiff previously failed to identify which specific documents or pictures he needed, describe his witness or

the testimony the witness would give, or follow up when the Court denied his motion to compel for failing to attach a statement certifying that he had attempted to confer with Defendants.  Report & Recommendation 3 n.2, ECF No. 86.  The Court also notes that Plaintiff failed to object to the recommendation despite being given additional time to do so.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (party's failure to object in accordance with § 636(b)(1) generally waives right to appeal on the basis of "unobjected-to factual and legal conclusions" where party was notified of time period for objecting and consequences for failing to object).  Because Plaintiff has raised no issues with arguable merit, his appeal is frivolous and not taken in good faith.  *Carroll*, 984 F.2d at 393.  Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 95) is therefore **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 11th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT